UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| JASON A. SAYLOR, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:18-CV-212-CHB |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION AND** |
| ANDREW SAUL, Commissioner of | ) **ORDER** |
| Social Security, | ) |
| | ) |
| Defendant. | ) |

*** *** *** ***

Plaintiff Jason A. Saylor ("Saylor") brought this action pursuant to 42 US.C. §§ 405(g), 1383(c)(3), and 5 U.S.C. § 706 to obtain judicial review of an administrative decision denying his claims for Supplemental Security Income Benefits. [R. 2, Compl.] The Parties filed cross Motions for Summary Judgment pursuant to the Court's Standing Scheduling Order. [R. 11; R. 14; R. 16] Because Saylor has exhausted his administrative remedies, his claims are ripe for review by this Court pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The Court, having reviewed the Motions, the briefs in support, and the entire record, will **AFFIRM** the Commissioner's decision because it is supported by substantial evidence and was decided by the proper legal standards, **DENY** Saylor's Motion for Summary Judgment, and **GRANT** the Commissioner's Motion for Summary Judgment.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On February 18, 2016, Saylor filed an application for Social Security Disability Benefits alleging disability beginning June 15, 2015 due to "breathing, right shoulder [pain], heart, back [pain] and lack of education." [Administrative Record ("AR") at 226, 254] Saylor's claim was denied on April 19, 2016. [AR at 153] The reconsideration of his claim was denied on June 29,

2016. [AR at 159] Saylor sought review of his claim and was heard before an Administrative Law Judge ("ALJ"), who found that Saylor was not disabled. [AR at 98-125, 50-59] The ALJ analyzed Saylor's claim using the five-step sequential process outlined in the regulations under the Social Security Act (the "Act"). 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).

At step one, the ALJ determined that Saylor had not engaged in substantial gainful activity since June 15, 2015 (the alleged onset date). [AR at 55]

At step two, the ALJ determined that Saylor had the following severe impairments: "degenerative disc disease of the lumbar spine, degenerative joint disease of the right acromioclavicular joint, status-post two arthroscopic decompressions of the right acromioclavicular joint, asthma, obesity, coronary artery disease, chronic obstructive pulmonary disease, and tinnitus." *Id.* (citing 20 CFR §§ 404.1520(c)).

At step three, the ALJ determined that Saylor did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* (citing 20 CFR §§ 404.1520(d), 404.1525, and 404.1526).

At step four, the ALJ determined that Saylor had the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) with the following limitations: frequent pushing and pulling with his right upper extremity; occasional climbing of ramps and stairs; no climbing ladders, ropes, or scaffolds; frequent stooping; no reaching overhead with his right upper extremity; frequent forward reaching at shoulder level; occasional pushing and pulling with his lower left extremity; no kneeling, couching, or crawling; no exposure to

pulmonary irritants; avoiding exposure to vibration and hazards; and avoiding temperature extremes. [AR at 56-58]

At step five, the ALJ determined that Saylor was not able to perform past relevant work but that, in line with his age, education, work experience, and RFC, jobs that he can perform exist in significant numbers in the national economy. [AR at 58]

Saylor appealed the ALJ's decision before the Appeals Council on January 5, 2018. [AR at 221-225] The Appeals Council denied Saylor's Request for Review of the ALJ's initial decision. [AR at 1-7] Thereafter, Saylor filed this action for court review of the ALJ's decision. [R. 2, Compl.]

## II. STANDARD OF REVIEW

The Court must uphold the Commissioner's decision "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Warner v. Comm'r of Soc. Sec.*, 735 F.3d 387, 390 (6th Cir. 2004) (internal quotation marks and citation omitted). The Court may decide only whether the Commissioner's decision "is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 285-86 (6th Cir. 1994). "The substantial evidence standard is met if a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). "[E]ven if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ," the Court must uphold the Commissioner's decision. *Jones v. Comm'r of*

*Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). The Court cannot review the case de novo, resolve conflicts of evidence, or decide questions of credibility. *Nelson v. Comm'r of Soc. Sec.*, 195 Fed. App'x. 462, 468 (6th Cir. 2006); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

### III. ANALYSIS

Saylor argues that the Court should overturn the ALJ's decision for two reasons. First, Saylor argues that the ALJ did not have substantial evidence for her decision because she failed to 1) properly address the entirety of the medical evidence; 2) give proper credibility to claimant and; 3) give proper credibility to claimant's treating physician. [R. 14-1, Pl. Mem. in Supp., at pp 2, 8-12] Second, Saylor argues that the ALJ failed to properly evaluate his pain. [R. 14-1, Pl. Mem. in Supp., at pp 2, 12-13] Some of Saylor's arguments include only conclusory statements without presenting any supporting evidence. Though the Court is not required formulate an argument when the Claimant fails to do so, the Court will consider the evidence and address each of Saylor's arguments in turn. *Fulks v. Comm'r of Soc. Sec.*, No. 6:12-CV-00227-KKC, 2013 WL 4049529, at *2 (E.D. Ky. Aug. 9, 2013) (citing *Hollon ex re. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 490–91 (6th Cir. 2006)).

**A. The ALJ's Decision was Supported by Substantial Evidence.**

**1. The ALJ Considered the Entirety of the Medical Evidence in the Record.**

Saylor first argues that there is not substantial evidence to support the denial of his application for Social Security Benefits as the objective medical evidence "unequivocally documents that [he] suffers from [the listed impairments]." [R. 14-1, Pl. Mem. in Supp., at p. 9] Therefore, Saylor reasons, the ALJ "failed to address the entirety of the medical evidence in making [her] determination . . ." *Id.* Distilled, Saylor argues that there is no substantial medical

evidence in the record upon which the ALJ could have found Saylor not disabled. The Court disagrees. The ALJ discussed Saylor's medical records, his treating physician's opinion, the opinions of the state agency medical experts, Saylor's own testimony, and the testimony of his wife. [*See* R. at 56-58] Specifically, the ALJ found that both the state agency experts and Saylor's own treating physician opined that he was capable of "light work" and "occasional lifting of less than fifteen pounds and to sitting and standing less than four hours . . . during each eight-hour timeframe." [AR 57]

The Court's role here is not to re-evaluate this evidence or to supplant the ALJ's determinations of credibility, but the Court will address the argument Saylor makes on this point. *Jones*, 336 F.3d at 475; *Nelson*, 195 Fed. App'x. at 468; *Heckler*, 745 F.2d at 387. Saylor refers to the shoulder surgeries that he had, saying that the ALJ failed to properly assess these injuries, particularly in combination with his "back condition." [R. 14-1, Pl. Mem. in Supp., at p. 10] The ALJ reviewed this shoulder surgery, noting the improvement Saylor reported afterwards. [AR 57] The ALJ also reviewed Saylor's back MRI, and found that, while there was some mild disc degeneration and moderate circumferential bulging, it was inconsistent with the subjective pain that Saylor reported. *Id.*

The Court concludes that the ALJ's findings on the entirety of the medical evidence were founded upon substantial evidence in the record. *See Longworth*, 402 F.3d at 595.

### 2. The ALJ did not Err in Weighing Saylor's Lay Testimony.

Next, Saylor argues that the ALJ's decision is not supported by substantial evidence because the ALJ did not consider Saylor's own testimony that proves he is disabled. [R. 14-1, Pl. Mem. in Supp., at p. 10] Saylor avers in a conclusory fashion that his "own testimony . . . clearly reflect[s] he is unable to perform these type [sic] of activities." [R. 14-1, Pl. Mem. in

Supp., at p. 10] Still, this is a credibility determination, which is left to the discretion of the ALJ. *Nelson*, 195 Fed. App'x. at 468; *Garner*, 745 F.2d at 387. Further, from a review of the ALJ's decision, it is clear that the ALJ did consider why Saylor's claims were unpersuasive. *See* [AR at 56-58] The ALJ considered Saylor's testimony, compared it with the medical evidence that he had produced, and explained why it was unpersuasive: Saylor's statements were "somewhat inconsistent with the medical record in this case." [AR at 57] For example, the ALJ reviewed the medical evidence related to Saylor's back and shoulder pain and points out that his MRI and the reported improvement in shoulder pain post-surgery were inconsistent with his subjective report. [AR at 57]

The Court concludes that, to the extent Saylor properly raises this issue, the ALJ's findings on Saylor's credibility were founded upon substantial evidence in the record. *See Longworth*, 402 F.3d at 595.

### 3. The ALJ Properly Weighed the Treating Physician's Opinion.

In support of his argument that the ALJ did not have substantial evidence to support her finding, Saylor argues that the ALJ "failed to give the proper credibility to the claimant's treating physician, Dr. Gregory Dye." [R. 14-1, Pl. Mem. in Supp., at p. 11] This is, again, a question of credibility determination, which is left to the discretion of the ALJ. *Nelson*, 195 Fed. App'x. at 468; *Garner*, 745 F.2d at 387. Saylor apparently argues that the opinion of his treating physician should be given higher deference than it was. [R. 14-1, Pl. Mem. in Supp., at p. 11] To the extent that Saylor makes this argument, the court disagrees.

Saylor states that "the reports from his treating physician clearly reflect his is unable to perform these type [sic] of activities," and that the ALJ rejected the opinion of Dr. Dye "solely on statements in the record and from the claimant that he attends church." [R. 14-1, Pl. Mem. in

Supp., at pp. 10-11] The ALJ articulated a different reason why he assigned relatively little weight to Dr. Dye's opinion: "it is not supported by the treatment record and it is not supported by the claimant's activity level." [R. at 57-58] Dr. Dye's opinion was more restrictive than those of the state agency medical experts, whose opinions were consistent with each other and the treatment record. *Id.* The ALJ also added additional manipulative and environmental imitations on Saylor to those recommended by the State Agency experts. [R. at 58]

The Court concludes that the ALJ's finding with regards to the opinion of the physician is supported by substantial evidence and a reasonable mind could accept the evidence as "adequate to support a conclusion" that Saylor was not disabled. *See Longworth*, 402 F.3d at 595.

**B. The ALJ's Evaluation of Claimant's Subjective Complaints of Pain Comports with the Applicable Sixth Circuit Standard.**

Saylor's next main argument is that the ALJ failed to properly evaluate his subjective complaints of pain in making her determination. [R. 14-1, Pl. Mem. in Supp., at pp. 13-14] Both the Social Security Administration ("SSA") and the Sixth Circuit have guidelines for analyzing a claimant's subjective complaints of pain. The SSA regulations are set forth in 20 C.F.R. § 404.1529. The Sixth Circuit's guidelines for evaluating a claimant's assertions of disabling pain are set forth in in *Duncan v. Sec'y of Health & Human Sevs.*, 801 F.2d 847, 853 (6th Cir. 1986):

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id.* The Sixth Circuit explicitly noted in this decision that the test "does not require… 'objective evidence of the pain itself.'" *Id.* (quoting *Green v. Schweiker,* 749 F.2d 1066, 1071 (3d Cir. 1984)). However, as the Sixth Circuit clarified in *Felisky v. Bowen*, 35 F.3d 1027, 1038–39 (6th Cir. 1994), "[b]oth the SSA standards and the *Duncan* test require objective *medical evidence*

showing an *underlying medical condition*." *Felisky*, 35 F.3d at 1038–39 (6th Cir. 1994) (emphasis added).

Saylor points to no objective medical evidence that reveals an underlying medical condition to buttress his subjective complaints of pain. Other than referring to his own testimony at the hearing and a reference to "ongoing complaints to his physicians," [R. 14-1, Pl. Mem. in Supp., at p. 13] Saylor supplies no facts from the Administrative Record whereby the ALJ overlooked Saylor's pain or failed to properly assess the entirety of the medical evidence. Instead, Saylor alleges in conclusory fashion that the ALJ failed to properly evaluate his subjective complaints of pain without developing this argument in any meaningful way.

The Court concludes that the ALJ's decision properly evaluated Saylor's subjective complaints of pain using the correct legal standard. In reaching her findings concerning Saylor's RFC, the ALJ noted specifically:

> …[T]he undersigned has considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of CFR 404.1529 and SSR 16-3p. The undersigned has also considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 ….
> [T]he undersigned finds . . . the claimant's statements concerning the intensity, persistence and limiting effects of those symptoms are not entirely consistent with the medical evidence and other evidence in the record.

[AR at 56] The Court is satisfied that the ALJ properly evaluated Saylor's subjective complaints of pain according to the standard announced in *Duncan*. Moreover, the ALJ considered whether objective medical evidence supported Saylor's contentions that his conditions were so severe as to render him completely disabled. *See* [AR at 56] The Court's role here is not to re-evaluate this evidence. *Jones*, 336 F.3d at 475; *Nelson*, 195 Fed. App'x. at 468; *Heckler*, 745 F.2d at 387. Rather, the Court must determine whether the ALJ's decision was based on substantial evidence before her. Indeed it was.

Therefore, the Court concludes that the ALJ properly evaluated Saylor's subjective complaints of pain, that his finding with regards to Plaintiff's pain is supported by substantial evidence, and that there was no reversible error.

For the above reasons, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Plaintiff's Motion for Summary Judgment [**R. 14**] is **DENIED**.

2. The Defendant's Motion for Summary Judgment [**R. 16**] is **GRANTED**.

3. The decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

This the 30th day of July, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY